[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS CT Page 8709
The named defendant has filed a motion to dismiss this action claiming that there is no personal jurisdiction over it since it is a New York corporation, the plaintiff's injuries occurred in New York, and Louis Amusements, Inc. does not do business in the State of Connecticut.
A plaintiff has the burden of establishing an adequate factual basis for personal jurisdiction over a defendant. United States Trust Co. v. Bohart, 197 Conn. 34, 39; Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53, 54. To overcome the apparent lack of personal jurisdiction over the defendant, the plaintiff relies on section 33-411 (c)(2) of the General Statutes which makes a foreign corporation subject to suit in Connecticut, whether or not a foreign corporation has transacted business in the state, for a claim arising "out of any business solicited in the state by mail or otherwise if the corporation has repeatedly so solicited business."
In evaluating whether there is jurisdiction under the long-arm statute, it is the totality of the defendant's conduct in connection with the state that must be considered on a case-by-case basis to determine whether the defendant could reasonably have anticipated having to defend an action in Connecticut. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 255; Frazer v. McGowan, 198 Conn. 243, 249. A personal injury action can be maintained in this state as a result of the long-arm statute, if the defendant repeatedly solicited business within the state. Id. The parties here relied upon affidavits and transcripts of testimony to support their respective claims. There is insufficient evidence in the record to support the claim that Louis Amusements did business in Connecticut or that it solicited business in the state. Advertisements for Playland Amusement Park were not placed in Connecticut newspapers by the defendant. The placement of advertisements by some other corporation or legal entity is not sufficient under the long-arm statute to rope in a corporation that did not solicit business. Where a plaintiff cannot make a prima facie showing that the defendant's conduct is covered by the long-arm statute, there is no personal jurisdiction over the defendant. Lombard Bros., Inc. v. General Asset Management Co., supra, 257, 258. CT Page 8710
The motion to dismiss is granted as to the named defendant.
ROBERT A. FULLER, JUDGE